# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATAN REYES-MEDINA,<br><br>    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>    Respondents. | Case No.: 25-cv-3129-BJC-DDL<br><br>**ORDER GRANTING PETITION AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT AND VACATING HEARING** |

On November 13, 2025, Petitioner Jonatan Reyes-Medina filed a Petition for a Writ of Habeas Corpus seeking declaratory and injunctive relief and a motion for a temporary restraining order ("TRO"). ECF Nos. 1, 2. On July 8, 2025, Petitioner was apprehended by Immigration and Customs Enforcement ("ICE") agents, who served him with a Notice to Appear that categorized him as being present in the United States without having been admitted or paroled, and detained by the Department of Homeland Security ("DHS") at the Otay Mesa Detention Center. ECF No. 1 ¶¶ 38-39; ECF No. 2-2 at 6, 7; ECF No. 7-1 at 2.[1] A bond redetermination hearing took place on July 25, 2025, and the immigration judge

---

[1] Page numbers refer to those generated by the Court's CM/ECF system.

1  ordered that he be released after posting bond of $3,500. ECF No. 1 ¶ 41; ECF No. 2-2 at
2  15. DHS appealed the decision, resulting in an automatic stay and, upon remand, the
3  immigration judge vacated his previous bond order in light of the decision in *Matter of*
4  *Yajure Hurtado*. ECF No. 1 ¶¶ 42-45; ECF No. 2-2 at 20; ECF No. 2-3 at 4, 5.

5      This Court set a briefing schedule and hearing on Petitioner's motion for a TRO by
6  order filed on November 14, 2025. ECF No. 5. Respondents filed a return to the petition
7  and response to the motion for a TRO on November 24, 2025. ECF No. 7. Petitioner filed
8  a reply on December 2, 2025. Upon review of the parties' submissions, the Court deems
9  the matter suitable for disposition on the briefs. For the reasons discussed below, the Court
10 GRANTS the petition for writ of habeas corpus and DENIES as moot the motion for a
11 temporary restraining order.

## LEGAL STANDARD

13     Courts may grant habeas corpus relief to those "in custody in violation of the
14 Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v.*
15 *Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ
16 of habeas corpus remains available to every individual detained within the United States.").
17 Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in
18 violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v.*
19 *I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

21     Petitioner argues Respondents' conduct of subjecting him to mandatory detention
22 under 8 U.S.C § 1225 violates his due process rights, the *Ultra Vires* Doctrine, and the
23 Administrative Procedures Act. He requests the Court issue a writ of habeas corpus
24 ordering his immediate release pursuant to the immigration judge's July 25, 2025 order,
25 enjoining Respondents from transferring him outside the Southern District of California,
26 and declaring his detention unlawful. ECF No. 1 at 24. In his TRO, Petitioner seeks an
27 order releasing him from custody and argues he is likely to succeed on the merits of his
28 petition, the balance of equities tips in his favor, and the TRO is in the public interest. ECF

No. 2-1. In their return to the petition, Respondents argue the claims and requested relief are jurisdictionally barred, and Petitioner fails to establish he is entitled to interim injunctive relief.

## I. Jurisdiction

Respondents argue judicial review of claims arising from detention are barred under 8 U.S.C § 1252(g). Respondents also argue 8 U.S.C. § 1252(b)(9) divests the court of jurisdiction to hear Petitioner's challenge to detain him, which arose from the decision to commence removal proceedings.

### A. Section 1252(g)

Congress explicitly divested courts of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). The provision is read narrowly and does not apply to every decision or action that may be a part of the deportation process, only those involving the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. *Ibarra-Perez v. United States,* No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (citing *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999)). It is a "discretion-protecting provision" and does not divest courts of jurisdiction to hear legal challenges that do not implicate the Attorney General's discretionary authority. *Id*. (citing *United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004)). Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases or execute removal orders, but are merely collateral to those, are not subject to § 1252(g). *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991)).

Petitioner challenges Respondents' policy of treating noncitizens present in the United States as applicants for admission under § 1225(b)(2)(A) as unconstitutional and in violation of applicable statutes. ECF No. 1 ¶¶ 25- 28. Challenges to detention without bond is generally collateral to, and does not arise from, the decision to commence and

adjudicate proceedings or execute removal orders. *See D.D. v. LaRose*, No. 25-CV-2681-BJC-JLB (S.D. Cal. Oct. 22, 2025). Accordingly, § 1252(g) does not divest the Court of jurisdiction.

**B. Section 1252(b)(9)**

Section 1252(b)(9) reads, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). Supreme Court precedent demonstrates "decisions to deny bond hearings fall outside the purview of § 1252(b)(9)'s jurisdictional bar." *Garcia v. Noem*, No. 25-CV-02180-DMS-MMP, 2025 WL 2549431, at *3 (S.D. Cal. Sept. 3, 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 402 (2019)).

Petitioner's challenge to his detention without bond pursuant to DHS policy of treating all noncitizens as applicants for admission under § 1225(b)(2)(A) does not challenge the decision to detain him or seek removal. *See Nielsen*, 586 U.S. at 402. Because the Court's review addresses Petitioner's challenge to the constitutionality of his detention and not any decision to detain or remove Petitioner, § 1252(b)(9) does not divest the Court of jurisdiction over the petition.

**II. Merits**

Petitioner contends courts have consistently held that § 1226 governs detention of noncitizens, like him, that are already in the United States. He maintains there is no statutory authority to detain him under § 1225 and doing so violates his due process rights. Respondents argue the plain language of § 1225 requires the mandatory detention of Petitioner as an applicant for admission, and the plain language of the statute does not render § 1226(a) or § 1226(c) superfluous.

The parties' dispute centers around statutory interpretation. Respondents detained Petitioner under § 1225(b), as an "applicant for admission" subject to mandatory detention. Petitioner argues, as a noncitizen continuously residing in the United States for twenty

years, he is subject to § 1226(a) not § 1225(b).  Statutory interpretation "begins with the plain language of the statute." *Jimenez v. Quarterman*, 555 U.S. 113, 118, (2009). Pursuant to § 1225(b), "in the case of an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2)(A).  The plain text requires the "applicant for admission" be "seeking admission."  "[S]eeking admission" requires an affirmative act such as entering the United States or applying for status." *Mosqueda v. Noem*, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025).  Interpreting the statute, as Respondents suggest, to only require the noncitizen be an applicant for admission, as one present in the United States who has not been admitted, "ignores the other language that also requires them to be 'seeking admission' and for the examining officer to determine they are not clearly and beyond a doubt entitled to be admitted." *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *5 (S.D. Cal. Nov. 4, 2025).  The rule against surplusage prohibits this Court from interpreting the statute in a way that would make "seeking admission" meaningless. *See League of California Cities v. Fed. Commc'ns Comm'n*, 118 F.4th 995, 1019 (9th Cir. 2024).

Additionally, Respondents' interpretation makes a recent amendment to § 1226(c) superfluous.  The Laken Riley Act added a subsection to § 1226(c)(1), which denied bond or parole to any noncitizen who is (1) inadmissible under § 1182(a)(6)(A), (6)(C), or (7) as a noncitizen "present without admission or parole," or without valid entry documents, or who used fraud or misrepresentation to obtain entry documents, and (2) charged with, arrested for, or convicted of certain crimes.  Laken Riley Act, Pub. L. No. 119-1, 139 Stat 3 (2025)).  There is no need for an amendment denying bond or parole to those inadmissible noncitizens if all noncitizens present without admission are already subject to mandatory detention under § 1225(b)(2).

This interpretation is supported by Supreme Court interpretation of the pertinent immigration regulations. *Jennings v. Rodriguez*, 583 U.S. 281, 289, 138 S. Ct. 830, 838,

200 L. Ed. 2d 122 (2018) ("U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)."). Additionally, most courts addressing the issue have disagreed with Respondents' interpretation.[2]

There is nothing demonstrating Petitioner was engaged in any conduct that can be interpreted as "seeking admission." Accordingly, § 1225 does not apply to Petitioner. Rather, Petitioner is subject to § 1226(a). "[A]n alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C § 1226(a). Pending the decision on whether to remove the alien, the Attorney General may continue to detain the individual or release him or her on bond or conditional parole. *Id*. Detaining Petitioner pursuant to § 1225 despite the immigration judge's bond order on July 25, 2025, violates his due process rights.

## CONCLUSION AND ORDER

Based on the foregoing, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner on the conditions ordered by the immigration judge on July 25, 2025, if Petitioner posts the ordered bond. The Court **DENIES** the motion for a temporary restraining order as moot. The hearing set for December 9, 2025 is VACATED.

**IT IS SO ORDERED**.

Dated: December 4, 2025

_____
Honorable Benjamin J. Cheeks
United States District Judge

---

[2] *Martinez Lopez v. LaRose*, No. 25-CV-2717-JES-AHG, 2025 WL 3030457, at *4 (S.D. Cal. Oct. 30, 2025) (listing cases); *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) (listing cases).